FILED

JUN 1 0 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | I N D I C T M E N T |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **1 : 26 CR 0 0 2 8 8** |
| | ) | CASE NO._____ |
| MARITZA AZUCENA CAHUEC COC, | ) | Title 18, United States Code, |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, | ) | Sections 371, 1001(a)(2), |
| CARLOS AGUSTIN CAHUEC COC, | ) | 1028A(a)(1), and 2; Title 8, |
| aka TUCO, | ) | United States Code, Sections |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | ) | 1324(a)(1)(A)(iv), |
| ▓▓▓▓▓▓, | ) | 1324(a)(1)(A)(v)(I), |
| | ) | 1324(a)(1)(B)(i), and |
| Defendants. | ) | 1324(a)(1)(A)(iii) |

**JUDGE FLEMING**

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

### Introduction

1.      Defendant MARITZA AZUCENA CAHUEC COC ("MARITZA CAHUEC COC") was a Guatemalan national born in 1987, who illegally entered the United States on or about August 20, 2018, and resided in or around Cleveland, Ohio, beginning in approximately 2019.

2.      ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3.      Defendant CARLOS AGUSTIN CAHUEC COC A/K/A TUCO ("CARLOS CAHUEC COC") was a Guatemalan national born 1992, who illegally entered the United States

on or before July 2021 and resided in or around Cleveland, Ohio.

4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

5. From at least in or around December 2020 and continuing through at least in or around October 2023, Defendants MARITZA CAHUEC COC, ▓▓▓▓▓▓▓, CARLOS CAHUEC COC, and ▓▓▓▓▓▓▓▓ (collectively "the Defendants"), together and with others, were members of an alien smuggling organization (hereinafter "the ASO").

6. The purpose of the ASO was to encourage and induce aliens, including Unaccompanied Alien Children (UACs), to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law. The aliens were citizens of Guatemala and did not have prior official authorization from the U.S. government to come to, enter, and reside in the United States. The aliens or their families paid a fee to "coyotes" and others to help them travel to and illegally enter the United States. Members of the ASO, including some or all of the Defendants, benefited financially or facilitated the financial benefit of others by, in part, collecting payment from smuggled aliens or their family members.

7. To accomplish its goals, in part, members of the ASO, including the Defendants and others, sometimes arranged for the UACs to be sponsored through the U.S. Department of Health and Human Services (HHS) Office of Refugee Resettlement's (ORR) UAC Program. The Defendants applied to ORR to sponsor UACs and obtain custody of them so they could reside in the United States.

8. In some instances, MARITZA CAHUEC COC and ▓▓▓▓▓▓▓ submitted to ORR sponsorship applications and supporting documentation that were fraudulent and contained

2

materially false statements in order to obtain custody of UACs. In some applications to sponsor UACs, MARITZA CAHUEC COC and ▮▮▮▮▮▮ used aliases to obscure their real identity. In doing so, they deceived ORR and impeded and impaired HHS-ORR's functions of assessing and vetting sponsor applicants to ensure UACs were placed with suitable sponsors.

9.      MARITZA CAHUEC COC submitted at least 12 sponsorship applications, multiple of which were made using aliases or otherwise contained materially false statements. ▮▮▮▮▮▮ submitted at least seven sponsorship applications, multiple of which were made using aliases or otherwise contained materially false statements. Based at least in part on these false statements, ORR approved some of the sponsorship applications submitted by MARITZA CAHUEC COC and ▮▮▮▮▮▮ that had been submitted using aliases or otherwise contained materially false statements.

10.      CARLOS CAHUEC COC submitted or caused to be submitted at least two sponsorship applications. One of these applications was to sponsor UAC-1, an alien MARITZA CAHUEC COC, CARLOS CAHUEC COC, and ▮▮▮▮▮▮ encouraged and induced to enter the United States illegally in or around July 2021.

11.      MARITZA CAHUEC COC also facilitated smuggling operations by maintaining and renting a residence in which she provided housing and shelter for aliens who did not have authorization to remain legally in the United States. In some instances, the adult aliens MARITZA CAHUEC COC harbored had previously been UACs. In furtherance of these acts, MARITZA CAHUEC COC collected payments from the aliens.

### The U.S. Department of Health and Human Services
### Office of Refugee Resettlement's Unaccompanied Alien Children Program

12.      HHS was a department within the Executive Branch of the United States government.

13.     UACs who were apprehended by the Department of Homeland Security (DHS) immigration officials or another federal agency, were transferred to ORR, which was responsible for the care and custody of UACs awaiting immigration proceedings.

14.     UACs were defined as individuals who had no lawful immigration status in the United States, were under 18 years of age, and had no parent or legal guardian in the United States or no parent or legal guardian in the United States was available to provide care and physical custody.

15.     ORR usually retained custody until UACs: (1) were released to a parent, guardian, relative, or other qualified sponsor; (2) were transferred to foster care; or (3) turned 18 years old.

16.     The process of releasing a UAC from ORR custody to a sponsor involved several steps, including, but not limited to, the identification of sponsors, the submission of sponsor application materials, and an assessment of sponsor suitability, which included verification of the sponsor's identity and relationship, if any, to the child. "Case Managers" were personnel who managed the sponsorship assessment process. "Clinicians" and others also sometimes participated in the process.

17.     Sponsors were required to submit a "Family Reunification Application" and documents that verified the sponsor's identity and claimed relationship between the sponsor and the UAC, among other documents. Many sponsors also submitted an "Authorization for Release of Information."

18.     During the relevant period, the Family Reunification Application and Authorization for Release of Information contained instructions and admonitions that the submission of information was under the penalty of perjury.

19.     A birth certificate and certain government-issued identification cards were among

a list of acceptable documents to demonstrate a sponsor's identity.

20. Pursuant to applicable ORR policies in place during the relevant time, the vetting process was less or more rigorous depending on the relationship of the prospective sponsor to the UAC. Purported parents, legal guardians, and siblings' sponsorship applications received less scrutiny than applications submitted by prospective sponsors who were unrelated to the UACs.

21. After submission of the Family Reunification Application, Authorization for Release of Information, and other documents, ORR evaluated the materials, took other assessment actions, and determined whether an individual was an appropriate sponsor before releasing a child from ORR to the sponsor.

### MARITZA CAHUEC COC's and ███████'s Family Reunification Applications and Authorizations for Release of Information Containing False Statements

### A. MARITZA CAHUEC COC's Fraudulent Sponsorship Application for UAC-2

22. UAC-2 was a fifteen-year-old male Guatemalan national when he illegally entered the United States on or about May 31, 2022.

23. After he was apprehended by DHS, UAC-2 was transferred to an HHS-funded care provider on or about June 2, 2022, where he remained for approximately 21 days.

24. MARITZA CAHUEC COC submitted and caused to be submitted to the HHS-funded care provider the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information, both with signatures dated on or about June 6, 2022, seeking to sponsor UAC-2.

25. In the signed Family Reunification Application, MARITZA CAHUEC COC made multiple materially false statements, including:

    a. MARITZA CAHUEC COC falsely stated she was UAC-2's mother when in fact she was not; and

5

b. MARITZA CAHUEC COC falsely claimed her name was S.M.H.H. when in fact this was not her true name.

26. MARITZA CAHUEC COC signed the Family Reunification Application, which included the following declarations (together, the "Application Declarations"):

a. "I declare and affirm under penalty of perjury that the information contained in this application is true and accurate to the best of my knowledge."

b. "I attest that all documents I am submitting or copies of those documents are free of error and fraud."

c. "I further attest that I will abide by the care instructions contained in the *Sponsor Care Agreement*."

d. "I will provide for the physical and mental well-being of the child(ren). I will also comply with my state's laws regarding the care of this child including: . . . Protecting the child(ren) from abuse, neglect, and abandonment . . ."

27. In support of her application to sponsor UAC-2, MARITZA CAHUEC COC submitted and caused to be submitted:

a. A photo of a birth certificate bearing the name S.M.H.H. and the names of S.M.H.H.'s parents;

b. A photo of a Guatemalan government-issued personal identification card bearing the name S.M.H.H.; and

c. A photo of MARITZA CAHUEC COC holding a Guatemalan government-issued personal identification card bearing a photo and the name S.M.H.H.

6

28. In the Authorization for Release of Information, which MARITZA CAHUEC COC submitted to the HHS-funded care provider under the penalty of perjury, MARITZA CAHUEC COC made materially false statements, including the false claims that she was UAC-2's mother and she was named S.M.H.H.

29. On or about June 22, 2022, ORR approved MARITZA CAHUEC COC's application to sponsor UAC-2, based in part on false representations MARITZA CAHUEC COC had made, including that MARITZA CAHUEC COC was UAC-2's mother and was named S.M.H.H.

30. On or about June 23, 2022, UAC-2 was transported from the HHS-funded care provider to Cleveland, Ohio, to live with MARITZA CAHUEC COC, who resided with ████████ ████.

## B. ████████'s Fraudulent Sponsorship Application for UAC-3

31. UAC-3 was a seventeen-year-old female Guatemalan national when she illegally entered the United States in or about August 4 or 5, 2022.

32. After her apprehension by DHS, UAC-3 was transferred to an HHS-funded care provider on or about August 6, 2022.

33. ████████ submitted and caused to be submitted to the HHS-funded care provider the Spanish-language version of a Family Reunification Application with a signature dated August 6, 2022, seeking to sponsor UAC-3.

34. In the signed Family Reunification Application, ████████ made at least two materially false statements, including:

    a. ████████ falsely claimed to be UAC-3's father when in fact he was not; and



  b.      falsely claimed to be A.C.C. when in fact this was not his true name.

35.       signed the Family Reunification Application, which included the Application Declarations.

36. In support of his application to sponsor UAC-3,      submitted and caused to be submitted:

  a. A photo of a birth certificate bearing the name A.C.C. and the names of A.C.C.'s parents;

  b. A photo of a Guatemalan government-issued personal identification card bearing the name A.C.C.; and

  c. A photo of     holding a Guatemalan government-issued personal identification card bearing a photo and the name A.C.C.

37. ORR approved     's application to sponsor UAC-3 in or around August 2022, based in part on false representations      made, including that he was UAC-3's father and his name was A.C.C.

38. In or around August 2022, UAC-3 was transported from the HHS-funded care provider to Cleveland, Ohio, to live with     , who resided with MARITZA CAHUEC COC.

### C. MARITZA CAHUEC COC's Fraudulent Sponsorship Application for UAC-4

39. UAC-4 was a fifteen-year-old female Guatemalan national when she illegally entered the United States on or about September 7, 2022.

40. After her apprehension by DHS, UAC-4 was transferred to an HHS-funded care provider on or about September 9, 2022, where she remained for approximately 22 days. UAC-4 was transferred to another HHS-funded care provider on or about October 1, 2022, where she

remained for approximately 12 days.

41. MARITZA CAHUEC COC submitted and caused to be submitted to an HHS-funded care provider the Spanish-language versions of a Family Reunification Application with a signature dated September 17, 2022, and an Authorization for Release of Information with a signature dated October 4, 2022, seeking to sponsor UAC-4.

42. In the signed Family Reunification Application, MARITZA CAHUEC COC made at least two materially false statements, including:

    a. MARITZA CAHUEC COC falsely claimed to be UAC-4's mother when in fact she was not; and

    b. MARITZA CAHUEC COC falsely claimed to be A.M.C.R. when in fact this was not her true name.

43. MARITZA CAHUEC COC signed the Family Reunification Application, which included the Application Declarations.

44. In the Authorization for Release of Information, which MARITZA CAHUEC COC submitted to the HHS-funded care provider under the penalty of perjury, MARITZA CAHUEC COC made materially false statements, including the false claims that she was UAC-4's mother and she was named A.M.C.R.

45. In support of her application to sponsor UAC-4, MARITZA CAHUEC COC submitted and caused to be submitted:

    a. A photo of a birth certificate bearing the name A.M.C.R. and the names of A.M.C.R.'s parents;

    b. A photo of a Guatemalan government-issued personal identification card bearing the name A.M.C.R.; and

9

    c.    A photo of MARITZA CAHUEC COC holding the government-issued personal identification card bearing a photo and the name A.M.C.R.

46. ORR approved MARITZA CAHUEC COC's application to sponsor UAC-4 in or around October 2022, based in part on false representations MARITZA CAHUEC COC made, including that she was UAC-4's mother and her name was A.M.C.R.

47. On or about October 13, 2022, UAC-4 was transported from the HHS-funded care provider to Cleveland, Ohio, to live with MARITZA CAHUEC COC, who resided with ▓▓▓▓ ▓▓▓▓.

### D. MARITZA CAHUEC COC's Fraudulent Assertions and Attempted Sponsorship of UAC-5

48. UAC-5 was a sixteen-year-old male Guatemalan national when he illegally entered the United States on or about December 22, 2022.

49. After his apprehension by DHS, UAC-5 was transferred to an HHS-funded care provider on or about December 26, 2022, where he remained for approximately 63 days.

50. MARITZA CAHUEC COC expressed her intent to sponsor UAC-5 in phone and video conversations with UAC-5's case manager on or about December 27, 2022.

51. During the conversations, MARITZA CAHUEC COC made at least two materially false statements, including:

    a.    MARITZA CAHUEC COC falsely claimed to be UAC-5's mother when in fact she was not; and

    b.    MARITZA CAHUEC COC false claimed to be E.C.C. when in fact his was not her true name.

52. In support of her sponsorship of UAC-5, MARITZA CAHUEC COC submitted and caused to be submitted photos of:

a.  A birth certificate bearing the name E.C.C. and the names of his/her parents; and

b.  A government-issued personal identification card bearing a photo and the name E.C.C.

53.  ORR denied MARITZA CAHUEC COC's sponsorship of UAC-5, based in part on ORR's determination that the individual purporting to be UAC-5's mother with the name E.C.C. had submitted a false ID and birth certificate and thus was not in fact UAC-5's mother and was not named E.C.C.

**E.  ████████'s Subsequent Fraudulent Sponsorship of UAC-5**

54.  ████████ submitted and caused to be submitted to the HHS-funded care provider the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information, both with signatures dated February 7, 2023, seeking to sponsor UAC-5.

55.  In the signed Family Reunification Application, ████████ made at least one materially false statement, including: ████████ falsely claimed to be UAC-5's uncle W.W.C.C. when in fact this was not his true name.

56.  ████████ signed the Family Reunification Application, which included Application Declarations.

57.  In the Authorization for Release of Information, which ████████ submitted to the HHS-funded care provider under the penalty of perjury, ████████ made at least one materially false statement claiming to be UAC-5's uncle named W.W.C.C.

58.  In support of his application to sponsor UAC-5, ████████ submitted and caused to be submitted photos of:

a.  A birth certificate bearing the name W.W.C.C. and the names of his/her

11

parents; and

    b.    A government-issued personal identification card bearing a photo and the name W.W.C.C.

59.    In or around February 2023, ORR approved ▮▮▮▮▮▮▮'s application to sponsor UAC-5, based in part on false representations ▮▮▮▮▮▮ made, including that ▮▮▮▮▮▮ was UAC-5's uncle named W.W.C.C.

60.    On or about February 27, 2023, UAC-5 was transported from the HHS-funded care provider to Cleveland, Ohio, to live with ▮▮▮▮▮▮▮, who resided with MARITZA CAHUEC COC.

<u>COUNT 1</u>
(Conspiracy to Encourage and Induce an Alien to Enter the United States,
8 U.S.C. §§ 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I))

The Grand Jury charges:

61.    The factual allegations contained in paragraphs 1 through 58 of this Indictment are incorporated by reference as if stated fully herein.

62.    From in and around December 2020, through in or around October 2023, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants MARITZA CAHUEC COC, ▮▮▮▮▮▮▮, CARLOS CAHUEC COC aka TUCO, ▮▮▮▮▮▮▮▮▮▮▮, and others known and unknown to the Grand Jury did knowingly and intentionally conspire to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States is and will be in violation of law.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(A)(v)(I).

COUNT 2
(Encouraging and Inducing an Alien to Enter the United States for the Purpose of Commercial
Advantage or Private Financial Gain,
8 U.S.C. §§ 1324(a)(1)(A)(iv) &1324(a)(1)(B)(i) and 18 U.S.C. § 2)

The Grand Jury further charges:

63.     The factual allegations contained in paragraphs 1 through 7, paragraph 9, and paragraphs 11 through 20 of this Indictment are incorporated by reference as if stated fully herein.

64.     In or around July 2021, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants MARITZA CAHUEC COC, CARLOS CAHUEC COC aka TUCO, and ███████████████████████, and others known and unknown to the Grand jury, aiding and abetting each other, for the purpose of commercial advantage and private financial gain, did knowingly and intentionally encourage and induce an alien, namely UAC-1, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States is and will be in violation of the law.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i), and Title 18, United States Code, Section 2.

COUNTS 3-4
(Encouraging and Inducing an Alien to Enter the United States,
8 U.S.C. § 1324(a)(1)(A)(iv) and 18 U.S.C. § 2)

The Grand Jury further charges:

65.     The factual allegations contained in paragraphs 1 through 7, paragraphs 11 through 20, and paragraphs 37 through 58 of this Indictment are incorporated by reference as if stated fully herein.

66.     On or about the dates set forth below, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants MARITZA CAHUEC COC, ███████████ and others known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally

13

encourage and induce the following aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence in the United States is and will be in violation of law.

| Count | Date | Alien |
|---|---|---|
| 3 | From on or about September 7, 2022, through on or about October 13, 2022 | UAC-4 |
| 4 | From on or about December 22, 2022, through on or about February 27, 2023 | UAC-5 |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title 18, United States Code, Section 2.

COUNT 5
(Conspiracy to Defraud the United States, 18 U.S.C. § 371)

The Grand Jury further charges:

67.    The factual allegations contained in paragraphs 1 through 8 and paragraphs 11 through 58 of this Indictment are incorporated by reference as if stated fully herein.

68.    From on or about June 6, 2022, until on or about February 27, 2023, the exact dates being unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants MARITZA CAHUEC COC, ▓▓▓▓▓▓, and others known and unknown to the Grand Jury did unlawfully, knowingly and willfully conspire, combine, confederate, and agree together and with each other to defraud the government by deceitful and dishonest means for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the U.S. Department of Health and Human Services Office of Refugee Resettlement (ORR).

**Object of the Conspiracy**

69.    The objects and purposes of the conspiracy included, but were not limited to, MARITZA CAHUEC COC, ▓▓▓▓▓▓, and others deceiving ORR into releasing UACs to the Defendants' custody and concealing the existence of the conspiracy.

14

**Manner and Means of the Conspiracy**

70.     The manner and means by which the conspiracy was sought to be accomplished included among others, that MARITZA CAHUEC COC, ▊▊▊▊▊▊, and others submitted to ORR applications to sponsor UACs which they knew contained false, fictitious, and fraudulent statements and representations, including sometimes using aliases, to obtain custody of the UACs.

**Overt Acts in Furtherance of the Conspiracy**

71.     In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Northern District of Ohio, Eastern Division, and elsewhere:

a.     On or about June 6, 2022, MARITZA CAHUEC COC submitted and caused to be submitted to an HHS-funded care provider the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information to sponsor UAC-2 in which she falsely claimed that she was UAC-2's mother when in fact she was not and falsely claimed her name was S.M.H.H. when in fact this was not her true name.

b.     On or about August 6, 2022, ▊▊▊▊▊▊ submitted and caused to be submitted to an HHS-funded care provider the Spanish-language version of a Family Reunification Application to sponsor UAC-3 in which he falsely claimed that he was UAC-3's father when in fact he was not and falsely claimed his name was A.C.C. when in fact this was not his true name.

c.     On or about September 17, 2022, MARITZA CAHUEC COC submitted and caused to be submitted to an HHS-funded care provider the Spanish-language versions of a Family Reunification Application and an

15

Authorization for Release of Information to sponsor UAC-4 in which she falsely claimed that she was UAC-4's mother when in fact she was not and falsely claimed her name was A.M.C.R. when in fact that was not her true name.

d.    On or about December 27, 2022, MARITZA CAHUEC COC spoke with an HHS-funded care provider representative in order to sponsor UAC-5 in which Defendant MARITZA CAHUEC COC falsely claimed to be UAC-5's mother when in fact she was not and falsely claimed her name was E.C.C. when in fact that was not her true name.

e.    On or about February 7, 2023, ▓▓▓▓▓▓ submitted and caused to be submitted to an HHS-funded care provider the Spanish-language versions of a Family Reunification Application and an Authorization for Release of Information to sponsor UAC-5 in which he falsely claimed that his name was W.W.C.C. when in fact that was not his true name.

All in violation of Title 18, United States Code, Section 371.

## COUNT 6
(Making a False, Fictitious, and Fraudulent Statement, 18 U.S.C. §§ 1001(a)(2) and 2)

The Grand Jury further charges:

72.    The factual allegations contained in paragraphs 1 through 2 and paragraphs 11 through 28 of this Indictment are incorporated by reference as if stated fully herein.

73.    On or about June 6, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARITZA CAHUEC COC did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, and did aid and abet the willful and knowing making of materially false, fictitious, and fraudulent statements and representations, in a

16

matter within the jurisdiction of the Executive Branch of the Government of the United States, that is: Defendant MARITZA CAHUEC COC stated in an ORR Family Reunification Application that she was UAC-2's mother named S.M.H.H. when, in truth and fact, as she then well knew, Defendant MARITZA CAHUEC COC was not UAC-2's mother and her true name was not S.M.H.H.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 7
(Making a False, Fictitious, and Fraudulent Statement, 18 U.S.C. §§ 1001(a)(2) and 2)

The Grand Jury further charges:

74.     The factual allegations contained in paragraph 1 through 2, paragraphs 11 through 20, and paragraphs 29 through 36 of this Indictment are incorporated by reference as if stated fully herein.

75.     On or about August 6, 2022, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ▮▮▮▮▮▮ did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations, and did aid and abet the willful and knowing making of materially false, fictitious, and fraudulent statements and representations, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, that is: Defendant ▮▮▮▮▮▮ stated in an ORR Family Reunification Application that he was UAC-3's father named A.C.C. when, in truth and fact, as he then well knew, Defendant ▮▮▮▮▮▮ was not UAC-3's father and his true name was not A.C.C.

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

17

<u>COUNTS 8-10</u>
(Making a False, Fictitious, and Fraudulent Statement, 18 U.S.C. §§ 1001(a)(2) and 2)

The Grand Jury further charges:

76.     The factual allegations contained in paragraphs 1 through 2, paragraphs 11 through 20, paragraphs 37 through 42, paragraphs 44 through 49, paragraphs 51 through 55, and paragraphs 57 through 58 of this Indictment are incorporated by reference as if stated fully herein.

77.     On or about the following dates, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendants MARITZA CAHUEC COC and ▇▇▇▇▇▇ did willfully and knowingly make, and aid and abet the making of, the following materially false, fictitious, and fraudulent statements and representations, in a matter within the jurisdiction of the Executive Branch of the Government of the United States, each a separate count in this Indictment:

| Count | Date | Statement |
|---|---|---|
| 8 | September 17, 2022 | Defendant MARITZA CAHUEC COC stated in an ORR Family Reunification Application that she was UAC-4's mother named A.M.C.R when, in truth and fact, as she then well knew, Defendant MARITZA CAHUEC COC was not UAC-4's mother and her true name was not A.M.C.R. |
| 9 | December 27, 2022 | Defendant MARITZA CAHUEC COC stated in phone and video conversations with UAC-5's ORR case manager that she was UAC-5's mother named E.C.C. when, in truth and fact, as she then well knew, Defendant MARITZA CAHUEC COC was not UAC-5's mother and her true name was not E.C.C. |
| 10 | February 7, 2023 | Defendant ▇▇▇▇▇ stated in an ORR Family Reunification Application that he was UAC-5's uncle named W.W.C.C when, in truth and fact, as he then well knew, Defendant ▇▇▇▇▇'s true name was not W.W.C.C. |

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNT 11
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

78. The factual allegations contained in paragraphs 1 through 2, paragraphs 11 through 20, and paragraphs 37 through 45 of this Indictment are incorporated by reference as if stated fully herein.

79. On or about the dates specified herein, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARITZA CAHUEC COC did knowingly transfer, possess, and use, and Defendant ░░░░░░░ did aid and abet the transfer, possession, and use of, a means of identification of another person, without lawful authority, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Making a False, Fictitious, and Fraudulent Statement, in violation of Title 18, United States Code, Section 1001(a)(2), as charged in Count 8 of this Indictment, knowing that the means of identification belonged to another actual person, A.M.C.R.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 12
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

80. The factual allegations contained in paragraphs 1 through 2, paragraphs 11 through 20, and paragraphs 46 through 51 of this Indictment are incorporated by reference as if stated fully herein.

81. On or about the dates specified herein, in the Northern District of Ohio, Eastern Division, Defendant MARITZA CAHUEC COC did knowingly transfer, possess, and use, and Defendant ░░░░░░░ did aid and abet the transfer, possession, and use of, a means of

19

identification of another person, without lawful authority, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Making a False, Fictitious, and Fraudulent Statement, in violation of Title 18, United States Code, Section 1001(a)(2), as charged in Count 9 of this Indictment, knowing that the means of identification belonged other actual persons, E.C.C.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT 13
(Aggravated Identity Theft, 18 U.S.C. §§ 1028A(a)(1) and 2)

The Grand Jury further charges:

82.     The factual allegations contained in paragraphs 1 through 2, paragraphs 11 through 20, and paragraphs 52 through 58 of this Indictment are incorporated by reference as if stated fully herein.

83.     On or about February 7, 2023, in the Northern District of Ohio, Eastern Division, and elsewhere Defendant ▧▧▧▧▧ did knowingly transfer, possess, and use, and Defendant MARITZA CAHUEC COC did aid and abet the transfer, possession, and use of, a means of identification of another person, without lawful authority, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Making a False, Fictitious, and Fraudulent Statement, in violation of Title 18, United States Code, Section 1001(a)(2), as charged in Count 10 of this Indictment, knowing that the means of identification belonged other actual person, W.W.C.C.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNTS 14-19
(Concealing, Harboring, or Shielding from Detection an Alien for the Purpose of Commercial Advantage or Private Financial Gain, 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i))

The Grand Jury further charges:

84. The factual allegations contained in paragraph 1 and paragraph 10 of this Indictment are incorporated by reference as if stated fully herein.

85. On or about May 22, 2026, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant MARITZA CAHUEC COC, knowing and in reckless disregard of the fact that the following persons were aliens who had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield and attempt to conceal, harbor, or shield from detection, said alien in any place, including any building and any means of transportation, for the purpose of commercial advantage and private financial gain, as specified herein, each a separate count in this Indictment:

| Count | Alien |
|-------|-------|
| 14 | G.M.C.C. |
| 15 | E.A.X.C. |
| 16 | B.A.B.M. |
| 17 | J.R.C.C. |
| 18 | K.A.J.C.T. |
| 19 | W.C.C. |

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

FORFEITURE ALLEGATION
(18 U.S.C. § 982; 8 U.S.C. § 1324; 28 U.S.C. § 2461(c))

The Grand Jury further charges:

86. The allegations of Counts 1 through 4 and Counts 14 through 19 of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture. Upon conviction of any of the offenses alleged in Counts One through Four and Counts 14 through

21

19 of this Indictment, and pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982, Title 28 United States Code, Section 2461(c), the defendant shall forfeit to the United States:

    a.    Any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(i);

    b.    Any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offenses, and any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii); and

    c.    Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of the offenses, the gross proceeds of such violations, and any property traceable to such conveyances or proceeds, pursuant to Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c).

87. The United States will also seek a forfeiture money judgment against the defendant in the amount equal to the value of any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from these offenses, and the gross proceeds of these offenses, and any property traceable to such proceeds.

88. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.

23